IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          No. 2:16-cr-0580 RB

JOSE REMBERTO GUZMAN-DOMINGUEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Jose Remberto Guzman-Dominguez's Motion for Reduction of Sentence, in which Guzman-Dominguez argues he is entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (Doc. 237.) The Federal Public Defender reviewed the motion and declined to file a motion on his behalf. (Doc. 239.) The United States contends he is ineligible for a reduction. (Doc. 238.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Guzman-Dominguez is not eligible for a sentence reduction under Amendment 821 and, accordingly, the Court lacks jurisdiction over his motion. The Court will therefore **DISMISS** the motion.

**I.      BACKGROUND**

On August 15, 2017, following a jury trial, the Court sentenced Guzman-Dominguez to 180 months of imprisonment on three counts: (1) conspiracy to distribute 5 kilograms and more of cocaine and 1 kilogram and more of heroin contrary to 21 U.S.C. §§ 846(a)(1) and (b)(1)(A); (2) possession with intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and (3) possession with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A)

and 18 U.S.C. § 2. (*See* Docs. 23; 120; 190.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 38.[1] (Doc. 155 ¶ 34.) Because Guzman-Dominguez had no prior convictions, the USPO calculated a criminal history score of zero. (*Id.* ¶ 37.) His anticipated release date is August 26, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 17, 2025).

Since Guzman-Dominguez was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Guzman-Dominguez, acting pro se, now asks the Court to reduce his sentence under Part B of Amendment 821.[2] (Doc. 237.) The Federal Public Defender declined to file a motion on his behalf, and the United States opposes the motion. (Docs. 238–39.)

I.   **LEGAL STANDARDS**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an

---

[1] Guzman-Dominguez's base offense level was 34, but he received a two-level increase under U.S.S.G. § 3B1.3 because he "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense[,]" and a two-level increase under U.S.S.G. § 3C1.1 because he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" by giving conflicting statements. (Doc. 155 ¶¶ 26, 29–30.)

[2] Guzman-Dominguez also requests a reduction under Part A of Amendment 821. (*See* Doc. 237 at 1.) He did not, however, receive any status points under § 4A1.1 as he was not under a criminal justice sentence at the time of the offense; thus, he is not eligible for a reduction under Part A. (*See* Doc. 155; *see also* Doc. 238 at 4 n.1.)

otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines

3

range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

II.   **DISCUSSION**

The United States acknowledges that Guzman-Dominguez "is eligible for the § 4C1.1 zero-point offender reduction because he had zero criminal history points . . . and none of the exclusions in § 4C1.1 apply." (Doc. 238 at 3.) Guzman-Dominguez's original Guidelines range was 235–293 months based on his total offense level of 38 and criminal history category of I. (*See* Docs. 155

¶¶ 31, 37, 61; 238 at 3.) The Court varied downward from the recommended sentencing range and imposed a sentence of 180 months. (*See* Docs. 190; 238 at 3.)

Under Amendment 821, Guzman-Dominguez's total offense level is reduced by two levels to 36, which results in an amended sentencing range of 188–235 months. *See* U.S.S.G. § 4C1.1. (*See also* Doc. 238 at 3–4.) The Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A); *see also C.D.*, 848 F.3d at 1289. As Guzman-Dominguez has already received a sentence below the amended range (180 months), he is ineligible for a reduction. *See, e.g.*, *United States v. Smith*, No. 24-4036, 2024 WL 3874414, at *1 (10th Cir. Aug. 20, 2024). Accordingly, the Court "lack[s] the authority to impose a modified sentence that [falls] below the amended guideline range." *See id.* (quoting *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008)). The Court must dismiss the motion on this basis.

**IT IS THEREFORE ORDERED** that Guzman-Dominguez's Motion for Reduction of Sentence (Doc. 237) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE