IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 2:16-cr-0580 RB

JOSE REMBERTO GUZMAN-DOMINGUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Jose Remberto Guzman-Dominguez's Motion for Reconsideration. (Doc. 245.) Having reviewed the parties' arguments, the record, and the applicable law, the Court will **DENY** the motion.

### I. Background[1]

On August 15, 2017, following a jury trial, the Court sentenced Guzman-Dominguez to 180 months of imprisonment on three counts: (1) conspiracy to distribute 5 kilograms and more of cocaine and 1 kilogram and more of heroin contrary to 21 U.S.C. §§ 846(a)(1) and (b)(1)(A); (2) possession with intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and (3) possession with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A) and 18 U.S.C. § 2. (*See* Docs. 23; 120; 190.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 38.[2] (Doc. 155 ¶ 34.) Because Guzman-

---

[1] The Court incorporates the relevant background as outlined in its October 1, 2024 Memorandum Opinion and Order. (Doc. 496.)

[2] Guzman-Dominguez's base offense level was 34, but he received a two-level increase under U.S.S.G. § 3B1.3 because he "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated

Dominguez had no prior convictions, the USPO calculated a criminal history score of zero. (*Id.* ¶ 37.) His anticipated release date is August 26, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 21, 2025).

Since Guzman-Dominguez was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d). Guzman-Dominguez filed a pro se motion for a reduction of his sentence pursuant to Amendment 821. (Doc. 237.) The Court found that although Guzman-Dominguez was eligible for the zero-point offender reduction under Part B of Amendment 821, the sentence he received was already lower than the amended sentencing range, making him ineligible for further reduction. (*See* Doc. 241 at 4–5.) Guzman-Dominguez now asks the Court to reconsider that decision. (*See* Doc. 245.) The Government opposes the motion. (Doc. 247.)

## II.     Legal Standards

### A.     Motions to Reconsider

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

---

the commission or concealment of the offense[,]" and  a two-level increase under U.S.S.G. § 3C1.1 because he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" by giving conflicting statements. (Doc. 155 ¶¶ 26, 29–30.)

clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

### B. Motions for Sentence Reduction

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides such authorization "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Sentence reductions fall "within the district court's discretion." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012) (quoting *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir. 1996)). However, the Sentencing Guidelines require that "any such reduction in the defendant's term of imprisonment shall be consistent with" the USSG policy statements. § 1B1.10(a)(1). Those policy statements require courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range for the range applicable when the defendant was sentenced and to "leave all other guidelines application decisions unaffected." § 1B1.10(b)(1). "Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the [applicable] factors set forth in'" § 3553(a). *Dillon*, 560 U.S. at 822 (quoting § 3582(c)(2)). "Except in limited circumstances, however," a court may not reduce

3

a sentence "to a term that is less than the minimum of the amended" Guidelines range. *Id.* (quoting § 1B1.10(b)(1)).

**III.   Analysis**

The Court will deny the motion on the basis that it is untimely. Alternatively, the motion lacks merit.

    **A.   Guzman-Dominguez's motion is untimely.**

The Government first argues that the motion is untimely. (*See* Doc. 247 at 1–2 at 1–2.) The Government is correct that Guzman-Dominguez's motion to reconsider was due within 14 days of the Opinion. *See, e.g.*, *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) (finding that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order"); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (providing that a notice of appeal is due 14 days after entry of the order being appealed). The Court filed its Opinion on January 22, 2025 (Doc. 241), which means any appeal or motion to reconsider was due February 5, 2025. Guzman-Dominguez filed his motion to reconsider more than three months later, on May 30, 2025. (*See* Doc. 245.)

Guzman-Dominguez responds that he timely filed his motion within one year under Federal Rule of Civil Procedure 60(b)(1). (*See* Doc. 248 at 1.) But while the Tenth Circuit "has imported the standard from [Rule] 60(b) to decide motions for reconsideration," such motions are due within 14 days as outlined above. *See United States v. Warren*, 22 F.4th 917, 926–27 (10th Cir. 2022); *see also Randall*, 666 F.3d at 1243. The Court finds that Guzman-Dominguez's motion is untimely and denies it on that basis.

    **B.   Guzman-Dominguez's arguments have no merit.**

Even if he had timely filed his motion, the Court would deny it on the merits. Guzman-

4

Dominguez states that he did not commit a crime of violence, and "he should be eligible for the reduction" because he is a first-time offender. (*See* Docs. 245 at 1; 248 at 2.) Neither of these arguments address the reason for the denial of his motion: his sentence of 180 months is lower than the amended guidelines range of 188–235 months. *See* U.S.S.G. § 4C1.1. As the Court explained in the January 22, 2025 Opinion, "[t]he Guidelines provide that 'the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) . . . to a term that is less than the minimum of the amended guideline range . . . .'" (Doc. 241 at 5 (quoting U.S.S.G. § 1B1.10(b)(2)(A)) (citing *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017)).) Because Guzman-Dominguez's sentence is below the amended range, he is not eligible for a reduction under Amendment 821. (*See id.* (citing *United States v. Smith*, No. 24-4036, 2024 WL 3874414, at *1 (10th Cir. Aug. 20, 2024)).)

Guzman-Dominguez also summarily asserts that his father is ill and alone. (*See* Doc. 245 at 1.) To the extent he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), that request is not properly before the Court.

In sum, Guzman-Dominguez fails to show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *See United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (citing *Christy*, 739 F.3d at 534 at 539). Consequently, he does not demonstrate any reason the Court should reconsider its previously ruling.

**IT IS THEREFORE ORDERED** that Guzman-Dominguez's Motion for Reconsideration (Doc. 245) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE