IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY 2 6 2026

**ERIK PALTROW**
**CLERK OF COURT**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. 2:16-cr-0580 RB

JOSE REMBERTO GUZMAN-DOMINGUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Jose Remberto Guzman-Dominguez's Motion Pursuant to 3582(c)(2). (Doc. 252.) Guzman-Dominguez requests a sentence reduction under 18 U.S.C. § 3582(c) and seeks retroactive application of Amendment 833 to the United States Sentencing Guidelines. (*See id.*) The United States contends he is ineligible for a reduction. (Doc. 254.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds that Guzman-Dominguez is not eligible for a sentence reduction under Amendment 833 and will therefore **DISMISS** the motion.

## I.    Background

On August 15, 2017, following a jury trial, the Court sentenced Guzman-Dominguez to 180 months of imprisonment on three counts: (1) conspiracy to distribute 5 kilograms and more of cocaine and 1 kilogram and more of heroin contrary to 21 U.S.C. §§ 846(a)(1) and (b)(1)(A); (2) possession with intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and (3) possession with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A) and 18 U.S.C. § 2. (*See* Docs. 23; 120; 190.) The United States Probation Office (USPO) provided

1

a presentence report and computed a total offense level of 38. (Doc. 155 ¶ 34.) Because Guzman-Dominguez had no prior convictions, the USPO calculated a criminal history score of zero. (*Id.* ¶ 37.) His anticipated release date is August 26, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 20, 2026).

Since Guzman-Dominguez was sentenced, the United States Sentencing Commission amended the Sentencing Guidelines (Amendment 833). *See* Amendment 833, U.S. Sentencing Comm'n, (Nov. 1, 2025), https://www.ussc.gov/guidelines/amendment/833. Guzman-Dominguez, acting pro se, now argues he played a "low level trafficking role" as a "courier" and is eligible for a sentence reduction under Amendment 833. (Doc. 252.) The United States opposes the motion. (Doc. 254.)

## II.    Guzman-Dominguez is not eligible for a sentence reduction.

### A.    Legal Standard

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citation omitted). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the

defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

### B. Amendment 833 is not retroactive.

Amendment 833 may lower the Guidelines sentencing range applicable to certain defendants. "However, Amendment 833 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission." *United States v. Nunez*, No. 2:25-cr-0394 MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026) (citation omitted). Because Amendment 833 is not retroactive, Guzman-Dominguez is ineligible for a sentence reduction pursuant to § 3582(c). *See id.* (citations omitted). The Court will dismiss the motion on this basis.

As the United States points out, even if Amendment 833 applied retroactively, Guzman-Dominguez would still be ineligible for a sentence reduction. (*See* Doc. 254 at 5.) When considering a sentence reduction under § 1B1.10(b)(2), the Court "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *See Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(2)(A)). Here, Guzman-Dominguez's "existing sentence—180 months—is already below" what his amended guideline range would be under Amendment 833 (188 to 235 months). (*See* Doc. 254 at 5.) Accordingly, the Court would deny the motion on that basis.

**IT IS THEREFORE ORDERED** that Guzman-Dominguez's Motion Pursuant to 3582(c)(2) (Doc. 252) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE